```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

FRANK VANDEVER,                :
                               :
     Plaintiff,                :
                               :
     v.                        :    CASE NO. 3:09cv1752(AWT)
                               :
PETER MURPHY, et al.,          :
                               :
     Defendants.               :
```

ORDER AND RULING ON PENDING MOTIONS

The plaintiff, Frank Vandever, a Connecticut inmate proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983 against Connecticut Department of Correction employees alleging violation of his federal constitutional rights. Pending before the court are the plaintiff's motion to deem his requests for admissions admitted (doc. #42), the defendants' motion to withdraw admissions (doc. #43), the defendants' motion for an extension of time in which to file a motion for summary judgment (doc. #46) and the plaintiff's motion to compel. (Doc. #47.) Chief Judge Alvin W. Thompson referred the case to the undersigned to rule on these motions and to conduct a status conference. (Doc. ##49, 50.)

I.  Procedural Background

The following procedural history, although lengthy, is relevant to the pending motions. As evidenced below, this case has languished.

On February 24, 2010, the court issued an Initial Review Order ("IRO") and ordered defendants to "file their response to the

complaint, either an answer or motion to dismiss" by May 4, 2010. (Doc. #4.)

Nothing happened for months. Despite the court's order, defendants did not respond to the complaint. On March 4, 2011, the plaintiff moved for entry of default.[1] (Doc. #11.) On March 9, 2011, defendants responded by filing a motion for extension of time seeking an extension "from May 4, 2010 until May 4, 2011, nunc pro tunc"[2] in which to file a response to the complaint. (Doc. #13.) In support, defense counsel referred to other pressing obligations. The motion was granted. (Doc. #15.)

On March 21, 2011, the plaintiff filed a "motion for admissions to be deemed admitted." (Doc. #17.) The plaintiff said that he had served requests for admission in November 2010 but the defendants had never responded. In their opposition to the plaintiff's motion, the defendants argued that the motion should be denied because plaintiff had not sent them a copy of his motion.[3] (Doc. #19.) On April 14, 2011, the court granted the plaintiff's motion and ordered the defendants "to either admit, deny, or voice proper objections to each of plaintiff's requests for admission" by

---

[1] This motion was denied. (Doc. #37.)

[2] The Latin phrase "nunc pro tunc" means "now for then" and "permits acts to be done after the time they should have been done with a retroactive effect." Sarango v. Attorney General of the Unites States, 651 F.3d 380, 383 n. 2 (3d Cir. 1990).

[3] The defendants did not deny that they had received the plaintiff's requests for admissions.

June 14, 2011. (Doc. #23.)

On May 26, 2011, the defendants filed a motion to dismiss.[4] (Doc. #28.)  They also filed a motion for extension of time in which to respond to the plaintiff's requests for admission.  (Doc. #29.)  Defendants requested that their June 14, 2011 deadline be extended until 30 days after the court ruled on their motion to dismiss.  The court granted the defendants' motion.  (Doc. #30.)

The defendants made revisions to their motion to dismiss.  On June 16, 2011, the defendants requested that they be permitted to substitute page 20 of their memorandum and to add an exhibit.[5] (Doc. #32.) The defendants' motion was granted.  (Doc. #34.)

On March 13, 2012, the court ruled on the motion to dismiss, granting it in part and denying it in part. (Doc. #41.)  Pursuant to the court's earlier order (doc. #30), the defendants' responses to the plaintiff's requests for admission were due April 13, 2012,

---

[4]Although the defendants had been granted a year long extension until May 4, 2011 in which to file their motion to dismiss, they did not meet this deadline. Instead, they filed two additional motions for an extension of time. (Doc. #24, 25.)  In the first request, they sought an extension until May 23, 2011 because defense counsel had not begun the brief until April 30 due to "pressing obligations on other cases."  (Doc. #24.)  In the second request, defendants sought an extension "from May 23, 2011 to May 25, 2011" because "[c]ompleting the memorandum took a bit longer than anticipated.  Undersigned counsel appreciates the court's anticipated indulgence in this matter."  (Doc. #25.)

[5]Although the court granted them leave on June 28, 2001 to file the corrected page, the defendants did not file it until February 2012, six months after the plaintiff's response to the motion. <u>See</u> doc. ##36, 40.

thirty days after the court ruled on the motion to dismiss. The defendants did not comply with that deadline. About four months later, after plaintiff requested for the second time that the court deem the requests to be admitted, defendants finally served their responses.

II. Discussion

    A.    Motions regarding Requests for Admissions

Pursuant to Fed. R. Civ. P. 36,[6] on August 3, 2012, the plaintiff filed the instant motion seeking an order that his requests for admission be deemed admitted. (Doc. #42.) He argues that the requests should be deemed admitted and the defendants sanctioned or else they "will continue to delay and ignore deadlines, and give the plaintiff the runaround." (Doc. #42 at 3.)

In response to the plaintiff's motion, on August 15, 2012, the defendants filed a motion to withdraw admissions under Fed. R. Civ. P. 36(b). (Doc. #43.) Defendants state that the failure to respond was "counsel's unintentional oversight" and that it would be not be fair to deem the requests admitted in view of the attorney error. Counsel avers in an accompanying affidavit that the responses were mailed to the plaintiff on August 15, 2012.

---

[6]Fed. R. Civ. P. 36(a)(3) provides that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court."

Pursuant to Fed. R. Civ. P. 36(b), "[a] matter deemed admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended."  Rule 36(b) permits the withdrawal of an admission when (1) "the presentation of the merits of the action will be subserved thereby" and (2) "the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits."  "The prejudice contemplated by Rule 36(b) is not merely that the party obtaining the admission must, as a consequence of the withdrawal, prove the matter admitted but rather relates to difficulties the party may face in proving its case, such as the availability of key witnesses."  Security Ins. Co. of Hartford v. Trustmark Ins. Co., 217 F.R.D. 296, 298 (D. Conn. 2002).  "Courts have usually found that the prejudice contemplated by Rule 36(b) relates to special difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission." Am. Auto. Ass'n (Inc.) v. AAA Legal Clinic of Jefferson Crooke, P.C., 930 F.2d 1117, 1120  (5th Cir. 1991). The "decision to excuse the defendant from its admissions is in the court's discretion." Donovan v. Carls Drug Co., Inc., 703 F.2d 650, 651-52 (2d Cir. 1983), rejected on other grounds by McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133-34 (1988).

The court does not countenance the defendants' indifference to

court-ordered deadlines.  But, at the same time, the court must apply the legal principles underlying Rule 36(b).  As to the first prong of Rule 36(b), permitting the withdrawal of the plaintiff's deemed admissions undoubtedly would "promote the presentation of the merits of the action." Fed. R. Civ. P. 36(b).  With regard to the second prong, the plaintiff has not demonstrated that allowing withdrawal of the admissions would result in the prejudice Rule 36(b) requires.  Accordingly, the court denies the plaintiff's motion that his requests be deemed admitted and grants the defendants' motion to withdraw their admissions.  See, e.g., Rabil v. Swafford, 128 F.R.D. 1 (D.D.C. 1989)(affirming district court's ruling granting defendant's motion to withdraw admissions where the effect of upholding admissions would be to practically eliminate presentation of merits and plaintiff did not show that he would be unable to produce evidence required to prove matters which had been admitted); Szatanek v. McDonnell Douglas Corp., 109 F.R.D. 37, 40 (W.D.N.Y. 1985)(denying request to admit because the merits are contested and a just disposition would "be best served by permitting the answers to be served" and plaintiff fails "to persuade that her position as to the merits has been seriously prejudiced").

    B.   Defendants' Motion for Extension of Time

On September 5, 2012, the defendants filed a "motion for extension of time in which to file dispositive motion nunc pro

tunc." (Doc. #46.)

The court's March 13, 2012 ruling stated that "[a]ny motions for summary judgment shall be filed within 60 days." (Doc. #41 at 23.) Therefore, the deadline for filing a summary judgment motion was May 13, 2012.

The defendants request that the deadline for filing a summary judgment motion be extended "from May 14, 2012 until October 14, 2012." (Doc. #26.) They argue that a summary judgment motion is in order because the plaintiff cannot prevail on the merits.[7] The motion does not address Local Rule 7's good cause requirement.[8] D. Conn. L. Civ. R. 7(b)(2). The plaintiff objects. (Doc. #48.) He maintains that summary judgment should not be permitted because defendants have not complied with his discovery requests. He suggests that defendants are "undeserving" of a new deadline because they "have missed every deadline" thus far. (Doc. #48 at 6.) The defendants' motion (doc. #46) is denied without prejudice for lack of good cause shown.

C.   Plaintiff's Motion to Compel

On September 7, 2012, the plaintiff filed a motion to compel

---

[7] The parties appear to disagree as to the claims that remain after Judge Thompson's ruling on the motion to dismiss.

[8] Local Rule 7(b) provides that motions for extension of time "will not be granted except for good cause. The good cause standard requires a particularized showing that the time limitation in question cannot reasonably be met despite the diligence of the party seeking the extension."

discovery. (Doc. #47.) Plaintiff states that the defendants have not responded to production requests he sent in November 2010. He attaches to his motion a copy of the requests.

To date, the defendants have not filed a response of any kind to the plaintiff's motion. Pursuant to D. Conn. L. Civ. R. 7, the defendants' opposition to the plaintiff's motion to compel was due twenty-one days after the filing of the plaintiff's motion, on September 28, 2012. By November 23, 2012, the defendants shall file and serve a memorandum in response to the plaintiff's motion to compel and show cause why the plaintiff's motion should not be granted.

D.  Status Conference

The final matter is Judge Thompson's referral for a status conference. Judge Martinez will hold a telephonic status conference on December 13, 2012 at 11:00 a.m. Defense counsel shall initiate the call and shall have the pro se plaintiff on the line when calling chambers. In anticipation of the conference, by November 21, 2012, the pro se plaintiff and defense counsel shall confer in person regarding any discovery that remains outstanding. They must discuss a proposed schedule for completion of that discovery, the nature and basis of the defendants' proposed motion for summary judgment, and whether a settlement conference would be productive. By December 7, 2012, the pro se plaintiff and defense counsel shall submit a joint status report to chambers.

The Clerk of the Court is ordered to send a copy of this order and ruling to Attorney Peregrine Zinn-Rowthorn at the Attorney General's Office, 55 Elm St., Hartford, CT 06106.

SO ORDERED at Hartford, Connecticut this 14th day of November, 2012.

```
         /s/
    _____
    Donna F. Martinez
    United States Magistrate Judge
```