```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

FRANK VANDEVER,                  :
                                 :
     Plaintiff,                  :
                                 :
v.                               :   No. 3:09CV1752(AWT)
                                 :
PETER MURPHY, et al.,            :
                                 :
     Defendants.                 :
```

RULING ON PLAINTIFF'S MOTION TO COMPEL

The plaintiff, a Connecticut inmate proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983 against Connecticut Department of Correction employees Mark Strange, Deputy Warden Carol Chapdelaine, Captain Gino Beaudry, Lieutenant Ed Corl, Correctional Officer Allen and Captain VanOudenhove. Pending before the court is the plaintiff's motion to compel. (Doc. #76[1].) After considering the parties' arguments in oral argument and in their written submissions, the court rules on the requests as follows:

1. Request for production 1 is withdrawn by the plaintiff.

2. Request for production 3 seeks materials used in preparation of defendants' answer. During oral argument, the plaintiff stated

---

[1] The title of the motion is "Plaintiff's motion for request for review of Docket No. 62 re: renewed motion to compel." Docket No. 62, to which it refers, is titled "Plaintiff's objections to Defendants' response to Plaintiff's request for production of documents." In light of its caption, the Clerks office did not docket it as a pending motion and as a result, the court took no action. In doc. #76, the plaintiff requests that the court construe doc. #62 as a motion to compel.

that he is seeking communications between defendants Murphy and Strange regarding his transfer to Northern. The motion to compel production request 3 is denied because, as the court explained during the hearing, it does not ask for that information.

3. Request for production 5: The plaintiff seeks written statements by witnesses to an incident specified in the request. During oral argument, defense counsel stated on the record that there are no responsive documents to this request. The motion to compel this request is denied as moot.

4. Request for production 6: During oral argument, the plaintiff stated that all he seeks as to this request is a better copy of the photograph of the contraband found in his cell. He further stated that he wants to introduce the original photograph at trial. The defendants have not asserted a legal objection to this production request. During oral argument, defense counsel stated that she does not have the original photograph. Defendants shall make a good faith effort to find the original photograph and, if it exists, shall preserve it. They shall also forward a copy to the plaintiff.

5. Request for production 7 is withdrawn by the plaintiff.

6. Request for production 8 seeks statements by another inmate. The motion to compel this request is denied as moot. During oral argument, defense counsel stated on the record that there are no responsive documents to this request.

7.   Request for production 9 is withdrawn by the plaintiff.

8.   Request for production 10 is denied as overbroad.

9.   Requests for production 1, 2 and 3 of the plaintiff's second request for production seek logbooks for L and M pods and the restricted housing unit.  During oral argument, the plaintiff narrowed his request to a singular log book entry showing his transfer from L pod to M pod in January 2008.  So narrowed, the request is granted.  In the alternative, the parties are encouraged to meet and confer regarding stipulations of fact as to the plaintiff's housing and transfers.

SO ORDERED at Hartford, Connecticut this 10th day of June, 2013.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge