```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF CONNECTICUT

FRANK VANDEVER,                  :
                                 :
     Plaintiff,                  :
                                 :
v.                               :   No. 3:09CV1752(AWT)
                                 :
PETER MURPHY, et al.,            :
                                 :
     Defendants.                 :
```

ORDER

Pending before the court is the defendants' "Clarification re: Defendants' Position in June 6, 2013 Oral Argument." (Doc. #105.)

The plaintiff, a Connecticut inmate proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983 against various Connecticut Department of Correction employees. During discovery, the plaintiff propounded Request for Production #8 which sought statements made by another inmate (whom he named in the request). On November 19, 2012, the defendants objected to the request, stating "Objection. Without acknowledging whether such a statement exists, see Objection #5 above." Defendants' objection 5 states:

> As described in the attached redacted incident report, a statement made by a confidential informant was considered during the plaintiff's administrative segregation hearing. Information provided by confidential informants is an important tool in the safe and secure management of Connecticut prisons. Disclosure of the identity of persons providing this type of information places the safety of those individuals at immediate risk and compromises the ability of the prison staff to safely run the prisons, and to prevent serious and life-threatening security issues, such as assaults on inmates and staff, the bringing of contraband into the prisons, and escapes from confinement.

The plaintiff filed a motion to compel. (Doc. #76.) Defendants filed an opposition in which they stated that they "stand upon the objections articulated in their responses to requests for production." (Doc. #86 at 5.) In a subsequent filing, the defendants asserted the law enforcement privilege. (Doc. #93.)

On June 8, 2013, the court heard oral argument. As to Request for Production #8, the defendants argued that the information sought was protected by the law enforcement privilege and was not relevant. The court asked defendants whether any responsive documents existed. Defendants stated that responsive documents did not exist. Based on defendants' representation, the court denied the motion to compel as moot.

The defendants then filed the instant "clarification" in which they appear to backpedal on their representation during oral argument. (Doc. #105.) They state that their response to Request for Production #8 "is as set forth in defendants' written Objection, made November 19, 2012: 'Without acknowledging whether such a statement exists, see Objection 5, above.' Defendants' Objection 5 invokes the law enforcement privilege." (Doc. #105 at 1.) Contrary to defendants' statement on the record during oral argument regarding Request for Production #8, they now say that in light of the law enforcement privilege, they "cannot acknowledge whether such a statement exists, and thus cannot represent to this

Court whether there are or are not responsive documents to this request." (Doc. #105 at 2.) Defendants also reiterate their relevance objection. Finally, the defendants highlight the plaintiff's criminal history and suggest that disclosure would be dangerous.

The defendants have needlessly complicated and muddied the record of what should have been a straightforward and simple discovery dispute.

"[T]he party asserting the law enforcement privilege bears the burden of showing that the privilege indeed applies to the documents at issue." In re The City of New York, 607 F.3d 923, 948 (2d Cir. 2010). "To show that the privilege applies, the party asserting the privilege must demonstrate that the documents contain information that the law enforcement privilege is intended to protect." Id. Specifically, the party asserting the privilege must show that the documents in question contain (1) information pertaining to law enforcement techniques and procedures, (2) information that would undermine the confidentiality of sources, (3) information that would endanger witness and law enforcement personnel, (4) information that would undermine the privacy of individuals involved in an investigation or (5) information that would seriously impair the ability of a law enforcement agency to conduct future investigations. Id. Because the law enforcement privilege is a qualified privilege (i.e., not

3

absolute), the inquiry does not end with a successful showing that the privilege applies.  While a "strong presumption" exists against lifting the privilege, the party seeking disclosure may rebut the presumption by establishing that (1) the suit is non-frivolous and brought in good faith, (2) the information sought is not available through other discovery or from other sources, and (3) the party has a compelling need for the privileged information.  Id.  If the presumption against disclosure is successfully rebutted, "the district court must then weigh the public interest in nondisclosure against the need of the litigant for access to the privileged information before ultimately deciding whether disclosure is required."  Id.

As it stands, the present record is inadequate to adjudicate the defendants' assertion of privilege.  The defendants have neither submitted a privilege log nor any affidavits in support of their assertion of privilege.  See Abascal v. Fleckenstein, No. 06-CV-0349S(Sr), 2010 WL 3834839, at *7 (W.D.N.Y. Sept. 29, 2010) (in response to an inmate's motion to compel, defendants submitted the affidavit of Attica's Deputy Superintendent for Security averring that possession of an Operations manual by the plaintiff would be a danger to the safety and security of Attica and all other DOCS facilities and offered in the alternative to submit the documents for in camera inspection).

In an effort to ready this very old case for trial, the court

will not require further briefing, as it likely would not be helpful, and instead orders the defendant to submit documents responsive to Request for Production #8, with any necessary explanatory affidavits, to the undersigned within 10 days for <u>in camera</u> review. <u>See</u> <u>In re The City of New York</u>, 607 F.3d 923, 948 (2d Cir. 2010) ("To assess both the applicability of the privilege and the need for the documents, the district court must ordinarily review the documents in question.")

    SO ORDERED at Hartford, Connecticut this 18th day of June, 2013.

                                       _____/s/_____
                                       Donna F. Martinez
                                       United States Magistrate Judge