UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FRANK VANDEVER,                    :
                                   :
        Plaintiff,                 :
                                   :
v.                                 :    No. 3:09CV1752(AWT)
                                   :
PETER MURPHY, et al.,              :
                                   :
        Defendants.                :


RULING ON MOTION FOR ASSISTANCE

The plaintiff, a Connecticut inmate proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983 against various Connecticut Department of Correction (DOC) employees. He complains that the defendants retaliated against him because he was involved in litigation, deprived him of due process and denied him equal protection. Pending before the court is the plaintiff's "motion for assistance in identifying a prisoner witness." (Doc. #108.) The motion is denied without prejudice.

In order to place the motion in context, the court reviews some of the factual background.

The plaintiff stands convicted of numerous serious offenses including murder, kidnaping, robbery and escape from a maximum security prison. As a result, he was on "high-security" while incarcerated at McDougall. In February 2008, the plaintiff was about to begin trial in a state civil action which named certain DOC officials (including one of the defendants in this case). At about the same time, prison officials allegedly received a

confidential tip that the plaintiff had been asking questions about the operations of the loading dock and trash procedures. The plaintiff also supposedly asked his former cell mate, Inmate Savage, to notify him when he got a job called the "trash run." Prison officials took the informant's tip seriously and were concerned that the plaintiff was involved in another escape plot. They investigated further.

Inside plaintiff's cell, prison officials found contraband, including a road atlas and a boarding pass from a magazine. The plaintiff denied asking about trash procedures or posing other questions which would suggest an escape plot. He was put in restrictive housing and deprived of his legal papers. Plaintiff was then transferred to Northern Correctional Institution ("Northern") pending placement in administrative segregation. After a hearing, however, administrative segregation was not recommended. Two weeks later, the plaintiff was transferred out of Northern.

Discovery has been prolonged and disputatious. Plaintiff sought documentation of the incident that landed him in segregation. Defendants resisted much of it, including anything that they believed would lead to disclosure of the identity of their tipster. The plaintiff finally obtained some information "by his own wiles." (Doc. #108 at 2.) The defendants label such disclosure unauthorized and "inadvertent." (Doc. #114 at 2-3.)

Discovery is now closed.  The parties filed their joint trial memorandum and the case is trial ready.

In anticipation of trial, the plaintiff filed the instant motion.  He explains that his former cell mate, Inmate Savage, was interviewed by the DOC and could offer testimony favorable to the plaintiff's case.[1]  Plaintiff wants to call Savage as a witness at trial, but cannot remember his first name.  He asks the court to order the defendants to provide Inmate Savage's first name and inmate number so that the plaintiff can subpoena him to testify at trial.

The defendants object, citing security concerns.  They argue that the DOC does not disclose the identity of inmates who give them information because such disclosure would threaten the safety and security of informants, and would present "a long term danger to the safety and security of all DOC facilities."  (Doc. #114 at 5.)  See Wolff v. McDonnell, 418 U.S. 539, 568-69 (1974)(the need of prison administrators to protect the identities of witnesses due to compelling interests in inmate safety and prison security is well-established); Edmonson v. Coughlin, 21 F. Supp.2d 242, 252 (W.D.N.Y. 1998) (in the context of disciplinary hearings, a "hearing officer is not required to disclose a confidential

_____

[1]Savage was first mentioned in the plaintiff's complaint.  It appears from the plaintiff's filing that he received more information about his former cell mate through the documents he obtained on his own, information that defendants objected to producing.

3

informant's testimony to an accused inmate in a disciplinary hearing.") In support of their claim, the defendants submit the affidavits of Warden Peter Murphy and Commissioner James Dzurenda who aver that identification of an inmate who assisted the DOC in any manner could lead to injury of the witness at the hands of other inmates and that such disclosure would impair the ability of DOC to conduct future investigations. (Doc. #114, exs. A, B.)

The plaintiff responds that the defendants' concern is unreasonable. He maintains that Inmate Savage was an alleged co-conspirator in the supposed plot, not the DOC's informant. He argues that Savage's testimony is exculpatory[2] and corroborates the plaintiff's version of events. The plaintiff also asserts that Inmate Savage's testimony is relevant because he was treated differently from the plaintiff in that he was not placed in segregation.

The parties discuss the pending motion as a discovery request. The papers reveal otherwise. The plaintiff asks the court's assistance so he can serve a subpoena on the witness; the defendants object not only to giving any information that might aid

---

[2]The plaintiff suggests that the defendants' failure to disclose inmate Savage's identity is a violation of Brady v. Maryland, 373 U.S. 83 (1963). The plaintiff's reliance on Brady v. Maryland is misplaced. The duty to disclose exculpatory evidence pursuant to Brady v. Maryland applies to criminal prosecutions. It is inapplicable here. See United States v. Ataya, 145 Fed. Appx. 331, 333 n. 2, 2005 WL 1371319, at *2 n. 2 (11th Cir.2005); Miles v. City of Pittsburgh, No. 10-1135, 2011 WL 3957388, at *3 (W.D. Pa Sept. 6, 2011).

the plaintiff in getting the witness to trial, but apparently also object to plaintiff offering any testimony from the witness.  In making that argument, the defendants call on the court to determine the admissibility of evidence.  The undersigned does not wish to intrude on the province of the trial judge to make such assessments.  Evidentiary rulings should be reserved for the trial judge.  To the extent that the defendants ask for an order which would have the effect of an *in limine* ruling, it is denied without prejudice.  As for the plaintiff's request for aid in producing the witness, it is also denied without prejudice.  If plaintiff wishes to subpoena the witness, he may raise the issue with the trial judge.

SO ORDERED at Hartford, Connecticut this 27th day of August, 2013.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge